## Gordon et al. v. Lackawanna Township School District et al.

Before Hoban, P. J., and Robinson, J.

*James J. Powell, Jr.*, for petitioners.

*Wallace G. Moser*, for respondents.

HOBAN, P. J., January 24, 1952.—Plaintiffs, former directors and officers of the School District of Lackawanna Township, filed a petition for declaratory judg-

ment asking the court to enter a decree directing that the records of the school district be turned over to the district accountant for audit; that after receipt of the audit plaintiffs be relieved of any liability for their operation of the school district from the first Monday in July 1950, and further that the records then be turned over to some authority to be determined by the court, to operate the school district pending the determination of litigation pending in the Court of Common Pleas of Dauphin County: Barrett et al. v. Haas, Superintendent of Public Instruction et al., Commonwealth Dkt., 1950, no. 173; equity, no. 1943.

Two of the defendants, Sipple and Cusick, filed a motion to dismiss the petition for declaratory judgment raising questions of law. The motion is based on the theory that the court lacks jurisdiction to decree the relief sought by way of declaratory judgment as, on the facts shown, petitioners do not show a legal interest as contending parties in an actual or ripening controversy; that petitioners in reality seek an advisory opinion; that the positive relief sought is beyond the power of the court to order by declaratory judgment, and that specific statutory remedies are specially provided for the matters set forth in the petition.

In our opinion the points so raised must be determined against petitioners and in accordance with section 5 of the supplement to the Uniform Declaratory Judgments Act of May 22, 1935, P. L. 228, 12 PS §851, the court may make such order on the motion to dismiss as the situation demands.

This situation certainly demands an order. At the argument on the motion and in several subsequent conferences between counsel for the parties and the court it became apparent that the affairs of the School District of Lackawanna Township have reached an impasse and this impasse must be resolved in order to

secure the orderly administration of the school district and the maintenance of its services to its pupils. Counsel have indicated a real desire to coöperate in any reasonable solution, and it is believed that the decree appended hereto and the statutory remedy pointed out as available will furnish the answer.

The following narrative presents the situation:

In the municipal election held in November 1949 the voters of the City of Scranton and the Township of Lackawanna ordered that Lackawanna Township be annexed to the City of Scranton. Appropriate legal action followed to complete the territorial merger and the former Township of Lackawanna became the twenty-fourth ward of the City of Scranton.

Certain provisions of the Public School Code of March 10, 1949, P. L. 30, 24 PS §1-101 et seq., then became operative.

Section 201 (24 PS §2-201) provides that the school districts affected shall remain as separate districts until changed as provided by the code.

Section 226 (24 PS §2-226) provides that when a new district is made by the annexation of a separate district to a city, the change becomes effective at the beginning of the first school year after such annexation is effected.

The territorial annexation of Lackawanna Township to the City of Scranton was effected on January 2, 1950. Hence the effective date of the change to the new School District of the City of Scranton was the first Monday of July 1950 (July 3, 1950). The school year in districts other than those of the first class commences on each first Monday of July: Code, sec. 102, 24 PS §1-102. The School District of the City of Scranton by reason of its population is and has been prior to the date of annexation or merger a school district of the second class: Code, sec. 202, 24 PS §2-202.

To evidence the change to be effected by annexation the clerk of the courts is required to certify the vote of annexation to the Superintendent of Public Instruction of the Commonwealth: Code, sec. 227, 24 PS §2-227.

Here occurs a gap in prescribed procedure. The code provides that when the "newly created city" would constitute a district of the third or fourth class, approval of the State Council of Education would be required to effect a merger of the separate school districts: Code, sec. 228, as amended by Act of May 11, 1949, P. L. 1089, 24 PS §2-228.

But the code is silent as to procedure where, as here, the "newly created city" is and was of the size to constitute a school district of the second class.

If the merger of the Lackawanna Township School District into the Scranton School District became effective on July 3, 1950, then by section 310 of the Code (24 PS §3-310) the terms of office of all the school directors of the annexed territory (Lackawanna Township) expired on that date with the exception of the president and the vice president, who are entitled to hold office for the respective terms for which they were elected.

On that date Gordon, petitioner, was president of the Lackawanna Township School District, with his term as director expiring the first Monday of December 1951. Diskin, one of the respondents, was vice president, under a term as director expiring the first Monday of December 1952.

Therefore, if the merger of the districts as a result of the annexation was effective July 3, 1950, the only member of the directors now entitled to hold office is Diskin, the terms of all others having expired by operation of law.

But if the merger was effected the Lackawanna Township School District ceased to exist, and the ques-

tion then arises, of what is Diskin a director? The obvious answer is that he is a director of the Scranton School District, for the only purpose to be served by the retention in office of the two former officers of the annexed district would be to make available to the board of the annexing district the knowledge and experience of the chief executive officers of the annexed district in administrative matters in the early years after annexation, and to furnish representation of the citizens of the annexed district on the major school board until normal election procedure afforded them the opportunity to participate in the selection of new members of the board.

The School Code evidently contemplated that a lapse of seven months' time between a November election and the beginning of a new school year in July ought to be ample in which to perfect administrative details incident to a merger by annexation of a school district into one of the second class. And so it should.

But on June 29, 1950, four days before it became effective, plaintiffs in the case of Barrett et al. v. Haas et al., supra, filed a bill in equity in the Court of Common Pleas of Dauphin County, seeking to restrain the Superintendent of Public Instruction from issuing a certificate of merger and, inter alia, the School Districts of Scranton and of Lackawanna Township from taking any action to change the status of the Lackawanna Township School District without giving the State Council of Education an opportunity to exercise its discretionary power to approve or disapprove changes in the status of fourth class school districts as contemplated by section 228 of the code as amended.

The Dauphin County court granted a preliminary injunction, thus effectively stopping any action.

On October 8, 1951, the chancellor (Smith, J.) in Dauphin County filed an adjudication and decree nisi, holding that section 228 of the Code did not apply

to this situation and that the districts were actually merged on July 3, 1950. The injunction was ordered dissolved and the Superintendent of Public Instruction was directed to issue a certificate of merger.

To this adjudication and decree nisi plaintiffs filed exceptions which have not yet been argued. The superintendent and the respective school districts, believing that the exceptions continue the preliminary injunction, have taken no action.

So the seven months' period for adjustment of affairs prior to merger has been stretched to 26 months and more, and the end is not in sight.

This court by three definitive judgments has ruled that the Lackawanna Township School District was merged into the School District of the City of Scranton on July 3, 1950, and that the Lackawanna Township School District on that date ceased to exist de jure. See Gordon et al. v. County Board of Elections, Court of Common Pleas, in equity, November term, 1951, no. 10; order by Robinson, J.; In re Computation of Returns, Appeal of Ferra, Common Pleas, January term, 1952, no. 123, and In re Certification of Gordon et al., Common Pleas, January term, 1952, no. 127, opinions for the court by Brady, P. J., specially presiding.

Again we reaffirm our opinions and judgment in the foregoing cases. We hold that on July 3, 1950, the School District of Lackawanna Township ceased to exist as a de jure school district of the fourth class by reason of its effective merger by territorial annexation into the School District of the City of Scranton, a school district of the second class.

We hold, further, that the directors of the School District of Lackawanna Township ceased to hold office as such on July 3, 1950, and that as of that date Gordon, president, and Diskin, vice president, became directors of the School District of the City of Scranton,

to continue as such until the expiration of the terms for which they were elected as directors of the former Lackawanna Township School District.

There are, consequently, no legally constituted Directors of the Lackawanna Township School District as of the present date. In this connection we may point out that nowhere in the code is there any provision for the continuation in office of school directors or district officers beyond their fixed terms or until successors qualify.

But while the code did not contemplate the interminable stretch-out of an annexation adjustment period by the delays of litigation, the administration of the district during such a period cannot remain in a vacuum or a state of suspended animation. Insofar as the individuals who have operated as de facto directors and officers of the district are concerned, their actions, if in substantial accord with the pertinent provisions of the code and clearly for the benefit of the district, the conservation of its property, and the sound administration of its educational responsibilities are clothed with legality.

The de facto fiscal officers are legally accountable for the funds in their hands and such expenditures as they have made, and subject to such audits as the code prescribes. No court can relieve them of such accountability.

It is a matter of public knowledge that the de facto directors and officers have difficulty in regularizing their procedures, no doubt because of the anomalies of the situation, even if uncomplicated by personal dif ferences. We see but one way to bring order out ot a deteriorating administrative position.

Section 317 of the code, as amended by the Act of May 13, 1949, P. L. 1332, 24 PS §3-317, provides as follows:

"If at any time vacancies exist or occur in the mem-

bership of all the members of any board of school directors in any school district, other than a school district of the first class or of the first class A, the court of common pleas of the county in which such district, or the largest part in area thereof, is located, shall appoint a board of properly qualified persons who shall serve, if the terms thereof continue so long, until the first. Monday in December after the first municipal election occurring more than thirty (30) days after their appointment; at which election a board of school directors for such district shall be elected, as herein provided, in such manner that the number and terms of those whose places are to be filled at each succeeding municipal election shall be the same as the number and terms of those whose places are filled at the corresponding election in other school districts of the same class. Whenever a vacancy of the entire membership of a board of school directors in any school district of the fourth class occurs, the county superintendent of schools may enter and take full charge of and, at the expense of the district, maintain the schools thereof in accordance with the provisions of the school laws of the Commonwealth, under the direction of the Superintendent of Public Instruction, and may continue in charge thereof until a board of school directors has been appointed and has qualified."

Since the Lackawanna Township School District remains de facto, if not de jure, a district of the fourth class, pending the lifting of the Dauphin County injunction, the County Superintendent of Schools, under direction of the Superintendent of Public Instruction, is the logical, in fact as we see it, the only competent public authority to manage the affairs of a school district of the fourth class, de facto or otherwise, which finds itself without any school directors.

If the county superintendent takes charge he has available the processes of this court to compel com-

pliance with his lawful authority to "maintain the schools thereof in accordance with the provisions of the school laws."

For the reasons stated above we are of the opinion that the questions of law raised by the motion to dismiss must be decided against petitioners, that the court is without jurisdiction to grant the relief by declaratory judgment prayed for by petitioners, that specific statutory remedies are specially provided for the matters set forth in the petition, and that the petition must be dismissed, and that the situation demands the entry of an order as follows:

## Order

Now, January 24, 1952, upon consideration of the petition for declaratory judgment, the points raised by the motion to dismiss the petition and the arguments of counsel, it is ordered and decreed:

1. The School District of Lackawanna Township ceased to exist as a de jure school district of the fourth class on July 3, 1950.

2. Pending the dissolution of an injunction prohibiting the Superintendent of Public Instruction of Pennsylvania, the School District of the City of Scranton and the School District of Lackawanna Township from taking effective action to change the status of the School District of Lackawanna Township, granted by the Court of Common Pleas of Dauphin County on June 29, 1950, the School District of Lackawanna Township is de facto, for purposes of administration, a school district of the fourth class.

3. The School District of Lackawanna Township is without any legally qualified school directors.

4. By reason of the fact that a vacancy of the entire membership of the Board of Directors of the School District of Lackawanna Township exists, the County Superintendent of Schools of Lackawanna County is

entitled to enter, take full charge of and maintain the schools of Lackawanna Township School District, under the direction of the Superintendent of Public Instruction of Pennsylvania.

5. The petition for declaratory judgment is dismissed.

6. The prothonotary is directed to certify copies of this opinion and decree and transmit the same immediately to the County Superintendent of Schools of Lackawanna County and to the Superintendent of Public Instruction of Pennsylvania.